# EXHIBIT A

ELECTRONICALLY FILED
2020 Aug 04 AM 11:44
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-001248-TO

Harold Nyanjom et. al.

vs.

Sonic Corp et. al.

**SUMMONS**

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

> **Sonic Corp**
> **RA:  PAIGE S BASS**
> **300 JOHNNY BENCH DR**
> **OKLAHOMA CITY, OK  73104**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> AJ Stecklein
> 748 Ann Avenue, Suite 101
> Kansas City, KS 66101

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 08/04/2020 01:31:30 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Aug 04 AM 11:44
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO

Harold Nyanjom et. al.

vs.

Sonic Corp et. al.

**SUMMONS**

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

> **America's Drive-In Restaurants LLC**
> **RA: CORPORATION SERVICE COMPA**
> **2900 SW WANAMAKER DRIVE SUITE 204**
> **Topeka, KS 66614**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> AJ Stecklein
> 748 Ann Avenue, Suite 101
> Kansas City, KS 66101

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 08/04/2020 01:31:30 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Aug 04 AM 11:44
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-001248-TO

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | | |
|---|---|---|
| ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| SONIC CORP., a Delaware limited liability Company, and AMERICA'S DRIVE-IN RESTAURANTS LLC, a Delaware limited liability company, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CLASS ACTION PETITION

Plaintiffs, Alyssa Johnson and Harold Nyanjom, individually and on behalf of all others similarly situated, through their undersigned counsel, alleges for their Class Action Petition against Defendants, Sonic Corp. and America's Drive-In Restaurants LLC (collectively, "Sonic"), based upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by their counsel as follows:

### NATURE OF THE ACTION

1.    This action arises from Defendants' violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended (the "FCRA"), a federal statute which requires merchants to mask all but the last five digits of credit card and debit card numbers  on receipts provided to consumers. *See* § 1681(c)g.

2.     Despite the clear language of the statute, Defendants knowingly or recklessly failed to comply with FACTA by printing 10 digits of 16-digit credit and debit card numbers on receipts provided to consumers. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class, each of whom conducted business with Defendants during the timeframe relevant to this petition, suffered a violation of their statutory rights under § 1681c(g), an invasion of their privacy, and were burdened with an elevated risk of identity theft.

<b>JURISDICTION AND VENUE</b>

3.     This Court has general original jurisdiction of this matter pursuant to Kan. Stat. Ann. § 20-301, as this is a civil action and there is no other law to the contrary.

4.     Personal jurisdiction over Defendants is proper under Kan. Stat. Ann. § 60-308(b)(A)-(B) and/or (L), as they in person or through their agents transact business in this state, have committed a tortious act in this state and/or have contact with this state which would support jurisdiction consistent with the constitutions of the United States and of this state.

5.     Venue is proper in this County pursuant to Kan. Stat. Ann. § 60-604(2) and/or (3) insofar as this is the county in which the cause of action arose and/or Defendants were transacting business at the time of the filing of this petition and Plaintiffs were residents of this county at the time the cause of action alleged herein arose.

<b>PARTIES</b>

6.     Plaintiff Alyssa Johnson ("Ms. Johnson"), is a natural person and resident of Wichita, Sedgwick County, Kansas.

7.     Plaintiff Harold Nyanjom ("Mr. Nyanjom") is a natural person and resident of Wichita, Sedgwick County, Kansas.

8.     Defendant Sonic Corp. is a corporation organized under the laws of Delaware with its principal place of business in Oklahoma City, Oklahoma. Sonic Corp. is the parent corporation

of defendant America's Drive-In Restaurants LLC.

9.     Defendant America's Drive-In Restaurants LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Oklahoma City, Oklahoma. Upon information and belief, America's Drive-In Restaurants LLC is a wholly-owned subsidiary of Sonic Corp. and owns and operates the Sonic location that issued Plaintiffs the transaction receipts at issue herein.

## FACTUAL ALLEGATIONS

### Background of FACTA

10.     Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly 60 million Americans have been affected by identity theft. There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses.

11.     Upon signing FACTA into law, President George W. Bush remarked that "[s]lips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added that the government, through FACTA, was "act[ing] to protect individual privacy." Id.

12.     One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit card account from a receipt provided to the consumer at the point of sale, which, through any number of ways, could fall into the hands of someone other than the consumer. FACTA accomplishes this goal by requiring merchants to mask or "truncate" the card expiration date and most of the consumer's credit or debit card account number on the transaction receipt provided to the consumer at the point

of sale.

13.     Codified at 15 U.S.C. § 1681c(g), this provision states:

> Except as otherwise provided in this subsection, no person that
> accepts credit cards or debit cards for the transaction of business
> shall print more than the last 5 digits of the card number or the
> expiration date upon any receipt provided to the cardholder at the
> point of sale or transaction.

15 U.S.C. § 1681c(g) (the "Receipt Provision").

14.     After enactment, FACTA provided three (3) years in which to comply with the

Receipt Provision, mandating full compliance no later than December 4, 2006.

15.     The Receipt Provision was widely publicized among retailers and the FTC. For

example, on March 6, 2003, in response to earlier state legislation enacting similar truncation

requirements, then-CEO of Visa USA, Carl Pascarella, explained:

> Today, I am proud to announce an additional measure to combat
> identity theft and protect consumers. Our new receipt truncation
> policy will soon limit cardholder information on receipts to the last
> four digits of their accounts. The card's expiration date will be
> eliminated from receipts altogether.... The first phase of this new
> policy goes into effect July 1, 2003 for all new terminals . . . .

16.     Within 24 hours, MasterCard and American Express announced they were

imposing similar requirements.

17.     Card issuing organizations proceeded to require compliance with FACTA by

contract, in advance of FACTA's mandatory compliance date.

18.     Because a handful of large retailers did not comply with their contractual

obligations to the card companies and FACTA's straightforward requirements, Congress passed

The Credit and Debit Card Receipt Clarification Act of 2007, to temporarily change the definition

of willful noncompliance with respect to violations involving the failure to mask card expiration

dates on transaction receipts during a short period of time immediately after FACTA's effective

date.

19.     Importantly, the Clarification Act did not amend FACTA to allow disclosure of the card number's expiration date. Instead, it simply provided amnesty for certain past violators up to June 3, 2008.

20.     In the interim, card processing companies have continually alerted their merchant clients, including Defendants, of FACTA's requirements. According to Visa, no more than the last four digits should be printed on transaction receipts:

> Certain countries, such as the U.S., may also have legal restrictions on PAN and expiration date printing on cardholder transaction receipts and displays. For U.S.-based merchants, POS devices must only provide the last four digits of the PAN and must not provide the expiration date on cardholder transaction receipts.

*Visa   Transaction   Acceptance   Device   Guide   (TADG)*,   at   21, https://usa.review.visa.com/dam/VCOM/regional/na/us/partner-with-us/documents/transaction-acceptance-device-guide-tadg.pdf (Nov. 2016).

21.     As noted above, the processing companies have required that credit card or debit card expiration dates and more than the last five digits of card account numbers not be shown since 2003 and still require it. For example, American Express informs merchants:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Cardmembers. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers. Here is an example of a Charge Record with a truncated Card Number.

```
                    Rocco's Pizza
                  123 Brighton Beach Ave
                    1-800-867-5309
                   THE NATION'S FINEST

   Emp:      Rg: 1  Printed: 12:06 PM

  Card Type: AMEX XXXXXXXXXXX1002 XX/XX
  Authorization Code: 592052
  Reference Number: 1002
  Date: 10/2/2015 12:06 PM

     AMOUNT:                      $10.50




  Signature _____
         I agree to pay the above total
       according to the card holder agreement
```

*American            Express            Merchant            Operating            Guide*,
http://www.americanexpress.com/Merchantopguide at 22 (July 2020).

    22.    Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

*MasterCard Transaction Processing Rules*, https://www.mastercard.us/content/dam/mccom/en-us/documents/TPR-manual-June2015.pdf , at 84 (June 9, 2015).

    23.    So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (http://www.annualcreditreport.com) to comply with FACTA requirements and to provide consumers with a means of monitoring their credit reports for possible identity theft.

    24.    FACTA prohibits the printing card expiration dates or more than the last five digits of card account numbers on receipts to protect persons from identity theft and other harms.

**Defendants' Prior Knowledge of FACTA**

25.     Most of Defendants' business peers and competitors currently and diligently ensure their credit card and debit card receipt printing process remains fully compliant with FACTA by consistently verifying their card machines and devices comply with the Receipt Provision. Defendants could very easily have done the same.

26.     Indeed, on information and belief, it would have taken Defendants less than thirty seconds to run a test receipt in order to determine whether its point-of-sale systems were violating FACTA before using the systems.

27.     Furthermore, Defendants' knowledge and experience regarding federal laws governing financial transactions no doubt translates to Defendants having intimate knowledge of the requirements of FACTA.

28.     Indeed, Defendants was not only clearly informed not to print more than the last five digits of card account numbers on transaction receipts, but it was contractually prohibited from doing so. Defendants accepts credit and debit cards from all major issuers, such as Visa, MasterCard, American Express and Discover Card.  Each of these companies sets forth requirements that merchants such as (and including) Defendants must follow, including FACTA's redaction and truncation requirements found in the Receipt Provision. *See Hawkins v. Capital Fitness, Inc.*, 2015 IL App (1st) 133716, ¶14 (2015) (party signing a contract charged with knowledge of its contents and bound by it).

**Facts Pertaining to Plaintiffs**

29.     On or about June 30, 2020, Ms. Johnson used her personal debit card to make a purchase at the Sonic store located at 1828 East 47th Street South, Wichita, Kansas.

30.     Defendants provided Ms. Johnson with an electronically-printed receipt that bore ten digits of her 16-digit debit card account number.

31.     As a direct result of Defendants printing the above account information on this receipt, Ms. Johnson was required to take steps to safeguard the receipt.

32.     The disclosure of ten digits of Ms. Johnson's 16-digit debit card account number was a breach of confidence and exposed her to a heightened risk of identity theft.

33.     On or about July 28, 2020, Mr. Nyanjom used his personal debit card to make a purchase at the Sonic store located at 13535 West Maple Street, Wichita, Kansas.

34.     Defendants provided Mr. Nyanjom with an electronically-printed receipt that bore ten digits of her 16-digit debit card account number.

35.     As a direct result of Defendants printing the above account information on this receipt, Mr. Nyanjom was required to take steps to safeguard the receipt.

36.     The disclosure of ten digits of Mr. Nyanjom's 16-digit debit card account number was a breach of confidence and exposed him to a heightened risk of identity theft.

**Defendants' Noncompliance with FACTA**

37.     At all times relevant herein, Defendants were acting by and through their subsidiaries, members, agents, servants and/or employees, each of whom were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

38.     Defendants dictate the point of sale and payment system technology is use at every Sonic restaurant and has "systems that receive transaction-level data from Franchise Drive-Ins." *See* Sonic Corp Form 10-K (Oct. 23, 2018), at 2.

39.     At all times relevant herein, Defendants' conduct, as well as that of its subsidiaries,

agents, servants and/or employees, were in knowing or reckless disregard for federal law and the rights of Plaintiffs and other members of the class.

40.     As one judge recently stated in another FACTA case, "willfulness," can be discerned "from the continued use of a system whose characteristics would be known to any merchant who knows what is being spat out by its machinery." *Tran v. Kohl's Corp.*, No. BC661136 (L.A. Super. Ct. Feb. 9, 2018).

41.     Upon information and belief, Defendants implements, oversees, and maintains control over the same uniform debit and credit card payment processing policies, practices, and procedures for the transactions at issue in this case – including, without limitation, negotiating, entering into, and acting pursuant to various contracts and agreements with the electronic payment processing company whose technology Defendants uses to process credit and debit card transactions.

42.     Upon information and belief, the point of sale systems used by Defendants has the capacity to maintain records of all payment transactions and have the ability to print duplicate copies of all receipts provided to customers.

43.     Sonic's Executive VP/Chief Brand Officer is intimately familiar with FACTA, having been previously been Exec VP & Chief Marketing Officer at Darden Restaurants, Inc. (Olive Garden), which, during his tenure, was sued for the same type of FACTA violation as alleged herein.

44.     Notwithstanding its knowledge of the requirements of FACTA and the well-documented dangers imposed upon consumers through their failure to comply, Defendants issued thousands of point of sale receipts containing ten digits of class members' 16-digit debit and/or credit card account numbers.

45.     By ignoring the requirements of this important federal statute, in an environment already ripe for identity theft and other evils, Defendants uniformly invaded Plaintiffs' and the putative Class members' privacy.  Defendants' conduct alleged herein resulted in the disclosure of Plaintiffs' and the Class members' private financial information to the world, including to persons who might find the receipts in the trash or elsewhere.

46.     Simply put, by printing numerous transaction receipts in wholesale violation of a well-known federal statute, Defendants has caused – to paraphrase the words of the Honorable Judge Posner (Ret.) – "an unjustifiably high risk of harm that [wa]s either known or so obvious that it should [have been] known" to Defendants.  *Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

47.     Defendants exercised intrusive, hands-on, day-to-day control of the point of sale systems used at each Sonic restaurant located in the United States and, as a result, oversees the compliance of such systems with the truncation requirements of FACTA.

## CLASS ACTION ALLEGATIONS

48.     This action satisfies the prerequisites for maintenance as a class action provided in Kan. Stat. Ann. § 60-223, as set forth below.

49.     *Class Definition.* Plaintiffs bring this action individually and on behalf of the following class of similarly situated persons ("Class"), of which Plaintiffs are members:

> All natural persons domiciled in the United States or its territories who within five years preceding the violation alleged herein ("Class Period") engaged in one or more transactions using a debit card or credit card at a Sonic location at a time when the point-of-sale system used to process the transaction was programmed to print more than the last five digits of the debit or credit card number used in the transaction on the customer's receipt.

Excluded from the Class are any of Defendants' officers, directors or employees, the presiding

judge, Class counsel and members of their immediate families, and persons who timely and properly exclude themselves from the Class.

50.     *Numerosity*. The members of the Class are so numerous and geographically dispersed throughout Kansas and other states such that joinder of all members is impracticable. Plaintiffs believe that there are thousands of persons in the Class.  The exact number and identity of Class members is unknown to Plaintiffs at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

51.     *Commonality*.  There are questions of law or fact common to the Class including, inter alia, the following:

a.     whether Defendants regularly printed transaction receipts that disclosed more than the last five digits of consumer debit or credit card numbers in violation of FACTA;

b.     whether Defendants' FACTA violations were willful, *i.e.*, knowing or reckless, thus entitling Plaintiffs and the proposed class to statutory damages;

c.     whether Plaintiffs and the members of the Class are entitled to their damages, including statutory damages, and the appropriate measure thereof; and

d.     whether equitable or injunctive relief is appropriate.

52.     *Typicality*. The claims of Plaintiffs are typical of the claims of the Class alleged herein.  Plaintiffs and other members of the Class are all persons who engaged in one or more transactions using a debit card or credit card at a Sonic location at a time when the point-of-sale system used to process the transaction was programmed to print more than the last five digits of the debit or credit card number used in the transaction on the customer's receipt.

53.     *Adequacy*. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of complex

and class action litigation.  The interests of Plaintiffs are aligned with, and not antagonistic to, those of the Class.

54.  *Kan. Stat. Ann. § 60-223(b)(2) Requirements*.  The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Kan. Stat. Ann. § 60-223(b)(2) exist, as Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and corresponding declaratory relief with respect to the Class as a whole.

55.  *Kan. Stat. Ann. § 60-223(b)(3) Requirements*. This case satisfies the prerequisites of Kan. Stat. Ann. § 60-223(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy as indicated by:

(A)  The likelihood that individual members of the Class have an interest in individually controlling the prosecution of separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary relief available to individual Class members;

(B)  Upon information and belief, there is no other litigation concerning these matters already begun by other Class members;

(C)  Concentrating the litigation of Plaintiffs' and the Class' claims in this Court, as opposed to numerous, geographically dispersed forums, is desirable; and

(D)   This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class such that difficulties in doing so are unlikely.

Kan. Stat. Ann. § 60-223(b)(3)(A)-(D).

- 12 -

## COUNT I

### (Violation of 15 U.S.C. § 1681c(g) (FACTA))

56.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 55, *supra*, as though fully stated herein.

57.     At all times material hereto, there was in full force and effect a statute commonly referred to as Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which provides in in relevant part as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than *the last 5 digits of the card number* or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g) ("Receipt Provision") (emphasis added).

58.     This section applies to any "device that electronically prints receipts" (hereafter "Devices") at point of sale or transaction. 15 U.S.C. §1681c(g)(3).

59.     Defendants use Devices for point of sale transactions at Sonic stores in Kansas and in other states.

60.     On or before the date on which this petition was filed, Defendants provided Plaintiffs and members of the class with receipt(s) that failed to comply with the Receipt Provision.

61.     At all times material hereto, Defendants was aware, or should have been aware, of both the Receipt Provision as well as its obligation to comply with said provision.

62.     Notwithstanding the three-year period to comply with FACTA and its accompanying provisions, and the subsequent years since FACTA became effective, and having knowledge of the Receipt Provision and FACTA as a whole, Defendants knowingly or recklessly violated, and continued to violate, the Receipt Provision.

63.     By printing 10 digits of 16 digits of Plaintiffs' and other Class members' debit card and credit numbers on their transaction receipt, Defendants caused them to suffer a heightened risk of identity theft, exposed their private information to others who may have handled the receipt, and forced them to take action prevent further disclosure of the private information displayed on the receipt.

64.     As a result of Defendants' willful violations of FACTA, Plaintiffs and other members of the Class continue to be exposed to an elevated risk of identity theft.

65.     Defendants are liable to Plaintiffs and other members of the Class pursuant for statutory damages of not less than $100 but not more than $1,000 per violation, as well as punitive damages and attorneys' fees. 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class, pray for judgment in their favor and against Defendants and for the following relief:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Kan. Stat. Ann. § 60-223, certifying the Class defined herein and designating Plaintiffs as representatives of the Class and their undersigned counsel as Class counsel;

B.      Awarding Plaintiffs and the Class statutory damages of not less than $100 but not more than $1,000 per violation, as well as punitive damages and attorneys' fees. 15 U.S.C. § 1681n(a), together with their allowable costs and expenses;

C.      Awarding Plaintiffs and the Class all allowable pre- and post-judgment interest on the foregoing awarded damages;

D.      Awarding Plaintiffs and the Class final injunctive and corresponding declaratory relief; and

E.     Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated: August 4, 2020                                         Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein             KS #16330
Michael H. Rapp            KS #25702
Matthew S. Robertson       KS #27254
STECKLEIN & RAPP CHARTERED
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
(913) 371-0727
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com

Keith J. Keogh (*pro hac vice* pending)
William M. Sweetnam (*pro hac vice* pending)
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
wsweetnam@keoghlaw.com

Scott D. Owens (*pro hac vice* pending)
SCOTT D. OWENS, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
(954) 589-0588
scott@scottdowens.com

*Attorneys for Plaintiffs Alyssa Johnson and
     Harold Nyanjom and the Class*

- 15 -

ELECTRONICALLY FILED
2020 Aug 13 AM 10:18
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SONIC CORP., et al.,**<br><br>**Defendants.** | **Case Number: 2020-CV-001248 TO**<br><br>**Division: 25** |

## RETURN OF SERVICE – PERSONALLY SERVED

  I hereby certify that a Petition and Summons were personally served on the 7th day of August 2020 in the above-captioned matter to Defendant Sonic Corp. The name and address of the person served are: John Hopkins, paralegal, Sonic Corp., 300 Johnny Bench Drive, Oklahoma City, Oklahoma 73104.

  The affidavit of service is attached hereto as Exhibit A.

        Respectfully submitted,


        By: /s/ A.J. Stecklein
        A.J. Stecklein #16330
        Michael H. Rapp # 25702
        Matthew S. Robertson #27254
        Stecklein & Rapp Chartered
        748 Ann Avenue, Suite 101
        Kansas City, Kansas 66101
        Telephone: 913-371-0727
        Facsimile: 913-371-0727
        Email: AJ@KCconsumerlawyer.com
           MR@KCconsumerlawyer.com
           MSR@KCconsumerlawyer.com


        Keith J. Keogh (*pro hac vice* pending)
        William M. Sweetnam (*pro hac vice* pending)
        Keogh Law, Ltd.
        55 West Monroe Street, Suite 3390
        Chicago, Illinois 60603
        Telephone: 312-726-1092
        Email: keith@keoghlaw.com
           wsweetnam@keoghlaw.com

Scott D. Owens (*pro hac vice* pending)
Scott D. Owens, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
Telephone: 954-589-0588
Email: scott@scottdowens.com
Attorneys for Plaintiffs Alyssa Johnson and
Harold Nyanjom and the Class

Exhibit A

## AFFIDAVIT OF SERVICE

State of Kansas                    County of Sedgwick                    District Court

Case Number: 2020-CV-001248-TO

Plaintiff/Petitioner:
**HAROLD NYANJOM, et al.**

vs.

Defendant/Respondent:
**SONIC CORP, et al.**

Received by HPS Process Service & Investigations to be served on **Sonic Corp c/o Paige S Bass, 300 Johnny Bench Drive, Oklahoma City, OK 73104.**

I, ALEXANDER BLEA, being duly sworn, depose and say that on the **7th day of August, 2020** at **9:37 am, I:**

Served the within named establishment by delivering a true copy of **Summons; and Class Action Petition** to **John Hopkins, Paralegal** at the address of **300 Johnny Bench Drive, Oklahoma City, OK 73104.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the 10th day
of August 2020 by the affiant who is
personally known to me.

_Dawn Loudermilk_
NOTARY PUBLIC

DAWN LOUDERMILK
NOTARY PUBLIC
# 02005724
EXP. 04/22/22
STATE OF OKLAHOMA

_Alexander R Blea_
**ALEXANDER BLEA**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020014300

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

**ELECTRONICALLY FILED**
2020 Aug 17 AM 11:54
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO



**Court:**          Sedgwick County District Court

**Case Number:**    2020-CV-001248-TO

**Case Title:**     Harold Nyanjom, et al. vs. Sonic Corp, et al.

**Type:**           Order Admitting Out-of-State Attorney to Practice


SO ORDERED.


/s/ Honorable Judge Sean Hatfield


Electronically signed on 2020-08-17 11:54:50    page 1 of 3

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case Number: 2020-CV-001248 TO** |
| **vs.** | **Division: 25** |
| **SONIC CORP., et al.,** | |
| **Defendants.** | |

## <u>ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE</u>

IT IS HEREBY ORDERED this _____ day of _____,

2020, that Keith J. Keogh, whose address is 55 West Monroe Street, Suite 3390, Chicago,

Illinois 60603, is admitted to practice law before this Court for the business of this case

only, having made the showing required by Supreme Court Rule 116, and having sworn

to and signed the Out-of-State Attorney's Oath.

This order shall be effective only so long as the out-of-state attorney has associated

continually and is personally appearing with A.J. Stecklein, upon whom service may be

had in all matters connected with this action with the same effect as if personally made on

the out-of-state attorney.

_____
Judge of the District Court

Submitted by:

By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
          MR@KCconsumerlawyer.com
          MSR@KCconsumerlawyer.com
Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
2020 Aug 17 AM 11:54
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO



**Court:**          Sedgwick County District Court

**Case Number:**    2020-CV-001248-TO

**Case Title:**     Harold Nyanjom, et al. vs. Sonic Corp, et al.

**Type:**           Order Admitting Out-of-State Attorney to Practice

SO ORDERED.

/s/ Honorable Judge Sean Hatfield

Electronically signed on 2020-08-17 11:54:50     page 1 of 3

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case Number: 2020-CV-001248 TO** |
| **vs.** | **Division:  25** |
| **SONIC CORP., et al.,** | |
| **Defendants.** | |

## ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE

IT IS HEREBY ORDERED this _____ day of _____,

2020, that William M. Sweetnam, whose address is 55 West Monroe Street, Suite 3390,

Chicago, Illinois 60603, is admitted to practice law before this Court for the business of

this case only, having made the showing required by Supreme Court Rule 116, and

having sworn to and signed the Out-of-State Attorney's Oath.

This order shall be effective only so long as the out-of-state attorney has associated

continually and is personally appearing with A.J. Stecklein, upon whom service may be

had in all matters connected with this action with the same effect as if personally made on

the out-of-state attorney.

_____
Judge of the District Court

Submitted by:

By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com
Attorneys for Plaintiffs

ELECTRONICALLY FILED
2020 Aug 17 AM 10:56
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case Number: 2020-CV-001248 TO** |
| **vs.** | **Division:  25** |
| **SONIC CORP., et al.,** | |
| **Defendants.** | |

## MOTION TO ADMIT OUT-OF-STATE ATTORNEY
### *PRO HAC VICE* FOR THIS CASE

COMES NOW A.J. Stecklein, a Kansas-licensed attorney in good standing and of record as counsel for Alyssa Johnson and Harold Nyanjom, individually and on behalf of all others similarly situated, Plaintiffs in the above-captioned case, and hereby moves the Court for admission of Keith J. Keogh, an attorney licensed in Illinois, *pro hac vice* for purposes of this case only.

In support of the motion, the undersigned submits the non-refundable fee, together with the verified application of Keith J. Keogh, which the undersigned has reviewed. As the moving attorney, I hereby acknowledge my obligation to remain actively engaged in the conduct of the case, attend every hearing, and sign every pleading, document, brief, motion and other paper filed in this case on behalf of our clients.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com
Attorneys for Plaintiffs




## CERTIFICATE OF FILING

I hereby certify that the foregoing document was filed electronically with the Shawnee County District Court on August 17, 2020, which will automatically generate notice of filing to all counsel of record.

/s/ A.J. Stecklein
A.J. Stecklein #16330

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

**ALYSSA JOHNSON and HAROLD
NYANJOM, individually and on behalf
of all others similarly situated,**

**Plaintiffs,**

**vs.**

**SONIC CORP., et al.,**

**Defendants.**

**Case Number: 2020-CV-001248 TO**

**Division:  25**

---

**<u>VERIFIED APPLICATION OF OUT-OF-STATE ATTORNEY FOR ADMISSION
<i>PRO HAC VICE</i> TO PRACTICE IN THE ABOVE-CAPTIONED CASE</u>**

Keith J. Keogh, an attorney not licensed to practice in Kansas, moves this Court, under Supreme Court Rule 116, for its Order allowing the out-of-state attorney to practice in this Court for the professional business and purpose of this case only, to represent the following parties: Alyssa Johnson and Harold Nyanjom, individually and on behalf of all others similarly situated, Plaintiffs in this case.

A.J. Stecklein, an attorney who is regularly engaged in the practice of law in Kansas, and who is in good standing under all the applicable rules of the Supreme Court of the State of Kansas, moved for my admission *pro hac vice*. Said attorney shall be actively engaged in the conduct of the case; shall sign all pleadings, documents and briefs; and shall be present throughout all court or administrative appearances.

In support, the applicant shows the Court that he is regularly admitted to the following bars and courts of record: Illinois; Florida; United States Supreme Court; United States Court of Appeals for the Seventh Circuit; United States Court of Appeals for the

Ninth Circuit; United States Court of Appeals for the Third Circuit; United States Court of Appeals for the Eleventh Circuit; United States court of Appeals for the Second Circuit; United States Court of Appeals for the First Circuit; United States Court of Appeals for the Tenth Circuit; United States Court of Appeals for the Fifth Circuit; United States District Court for the Northern District of Illinois; United States District Court for the Southern District of Indiana; U.S. District Court for the Eastern District of Wisconsin; United States District Court for the District of Colorado; United States District Court for the Central District of Illinois; United States District Court for the Middle district of Florida; United States District Court for the Southern District of Florida; United States District Court for the Eastern District of Missouri; is regularly engaged in the practice of law in each such jurisdiction; is in good standing pursuant to the rules of the highest appellate court of such jurisdiction; and is not currently, nor has ever been the subject of a disciplinary action or a current disciplinary action under investigation, including but not limited to suspension or disbarment.

Keith J. Keogh acknowledges that he will be held to the standard of conduct of the State of Kansas, the Kansas Rules of Professional Conduct, and will be subject to the orders of, and amenable to disciplinary action by, the courts and administrative tribunals of the State of Kansas. The out-of-state attorney has sworn to and signed the Out-of-State Attorney's Oath, which is attached hereto.

This application, the statements herein made, and all information provided are complete, true and correct under penalty of perjury. I acknowledge that I have a continuing obligation to advise the court if a change occurs with regard to any information herein

provided. The associated Kansas attorney has reviewed and approved this application as evidenced by also signing the same.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
          MR@KCconsumerlawyer.com
          MSR@KCconsumerlawyer.com


By: /s/ Keith J. Keogh
Keith J. Keogh
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: 312-726-1092
Email: keith@keoghlaw.com
Attorneys for Plaintiffs

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## CIVIL DEPARTMENT

**ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,**

Plaintiffs,

vs.

**SONIC CORP., et al.,**

Defendants.

**Case Number: 2020-CV-001248 TO**

**Division: 25**

BEFORE _Matthew Seckel_

TITLE _Paralegal_

ADDRESS _55 V. Monroe St. #3390, Chicago IL 60603_

### OUT-OF-STATE ATTORNEY'S OATH

I, Keith J. Keogh, solemnly swear or affirm that I will support and bear true allegiance to the Constitution of the United States and the Constitution of the State of Kansas; that I will neither delay nor deny the rights of any person through malice, for lucre, or from any unworthy desire; that I will not knowingly foster or promote, or give my assent to any fraudulent, groundless or unjust suit; that I will neither do, nor consent to the doing of any falsehood in court; and that I will discharge my duties as an attorney and counselor in the District Court for the 18th Judicial District of the State of Kansas with fidelity both to the court and to my cause, and to the best of my knowledge and ability. So help me God.

I, Keith J. Keogh, acknowledge that I will be held to the standard of conduct of the State of Kansas, the Kansas Rules of Professional Conduct, and will be subject to the

order of, and amenable to disciplinary action by, the courts and administrative tribunals

of this State.

I, Keith J. Keogh, do so swear (or affirm).


Keith J. Keogh
Illinois Bar #6257811
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: 312-726-1092
Facsimile: 312-726-1093
Email: Keith@keoghlaw.com


Now on this ___14ᵗʰ___ day of ___August___, 2020, came Keith J.
Keogh, who is known to me. I did administer and the attorney did make the above-stated
oath and did also in my presence sign the same.


Notary Public

ELECTRONICALLY FILED
2020 Aug 17 AM 11:06
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-001248-TO

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,** | |
| Plaintiffs, | **Case Number: 2020-CV-001248 TO** |
| **vs.** | **Division:  25** |
| **SONIC CORP., et al.,** | |
| Defendants. | |

## RETURN OF SERVICE – PERSONALLY SERVED

I hereby certify that a Petition and Summons were personally served on the 6th day of August 2020 in the above-captioned matter to Defendant America's Drive-In Restaurants, LLC. The name and address of the person served are: Audra Clark, legal assistant; Corporation Service Company, 2900 Southwest Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

The affidavit of service is attached hereto as Exhibit A.

Respectfully submitted,

By:  /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com

Keith J. Keogh (*pro hac vice* pending)
William M. Sweetnam (*pro hac vice* pending)
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: 312-726-1092
Email: keith@keoghlaw.com
        wsweetnam@keoghlaw.com

Scott D. Owens (*pro hac vice* pending)
Scott D. Owens, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
Telephone: 954-589-0588
Email: scott@scottdowens.com
Attorneys for Plaintiffs Alyssa Johnson and
Harold Nyanjom and the Class

## AFFIDAVIT OF SERVICE

**State of Kansas**                   **County of Sedgwick**                   **District Court**

Case Number: 2020-CV-001248-TO

Plaintiff/Petitioner:
**HAROLD NYANJOM, et al.**

vs.

Defendant/Respondent:
**SONIC CORP, et al.**

Received by HPS Process Service & Investigations to be served on **America's Drive-In Restaurants, LLC., c/o Corporation Service Company, 2900 Southwest Wanamaker Drive, Suite 204, Topeka, KS 66614** .

I, KATIE SHIFLETT, being duly sworn, depose and say that on the **6th day of August, 2020** at **10:26 am, I:**

Served the within named establishment by delivering a true copy of **Summons; and Class Action Petition** to **Audra Clark, Legal Assistant** at the address of **2900 Southwest Wanamaker Drive, Suite 204, Topeka, KS 66614** .

I am over the age of eighteen, and have no interest in the above action.

*Katie Shiflett*

**KATIE SHIFLETT**
Process Server

Subscribed and Sworn to before me on the 13 day
of August , 20 by the affiant who is
personally known to me.

NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020014301

Elmer William Wilson
NOTARY PUBLIC—STATE OF KANSAS
MY APPT EXP: Dec 8 2021

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

ELECTRONICALLY FILED
2020 Aug 17 AM 10:56
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001248-TO

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

|  |  |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SONIC CORP., et al.,**<br><br>**Defendants.** | **Case Number: 2020-CV-001248 TO**<br><br>**Division: 25** |

## MOTION TO ADMIT OUT-OF-STATE ATTORNEY _PRO HAC VICE_ FOR THIS CASE

COMES NOW A.J. Stecklein, a Kansas-licensed attorney in good standing and of record as counsel for Alyssa Johnson and Harold Nyanjom, individually and on behalf of all others similarly situated, Plaintiffs in the above-captioned case, and hereby moves the Court for admission of William M. Sweetnam, an attorney licensed in Illinois, _pro hac vice_ for purposes of this case only.

In support of the motion, the undersigned submits the non-refundable fee, together with the verified application of William M. Sweetnam, which the undersigned has reviewed. As the moving attorney, I hereby acknowledge my obligation to remain actively engaged in the conduct of the case, attend every hearing, and sign every pleading, document, brief, motion and other paper filed in this case on behalf of our clients.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com
Attorneys for Plaintiffs




**CERTIFICATE OF FILING**

I hereby certify that the foregoing document was filed electronically with the Shawnee County District Court on August 17, 2020, which will automatically generate notice of filing to all counsel of record.

/s/ A.J. Stecklein
A.J. Stecklein #16330

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

| | |
|---|---|
| **ALYSSA JOHNSON and HAROLD NYANJOM, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case Number: 2020-CV-001248 TO** |
| **vs.** | **Division: 25** |
| **SONIC CORP., et al.,** | |
| **Defendants.** | |

**VERIFIED APPLICATION OF OUT-OF-STATE ATTORNEY FOR ADMISSION
*PRO HAC VICE* TO PRACTICE IN THE ABOVE-CAPTIONED CASE**

William M. Sweetnam, an attorney not licensed to practice in Kansas, moves this Court, under Supreme Court Rule 116, for its Order allowing the out-of-state attorney to practice in this Court for the professional business and purpose of this case only, to represent the following parties: Alyssa Johnson and Harold Nyanjom, individually and on behalf of all others similarly situated, Plaintiffs in this case.

A.J. Stecklein, an attorney who is regularly engaged in the practice of law in Kansas, and who is in good standing under all the applicable rules of the Supreme Court of the State of Kansas, moved for my admission *pro hac vice*. Said attorney shall be actively engaged in the conduct of the case; shall sign all pleadings, documents and briefs; and shall be present throughout all court or administrative appearances.

In support, the applicant shows the Court that he is regularly admitted to the following bars and courts of record: Illinois; United States Supreme Court; United States Court of Appeals for the Second Circuit; United States Court of Appeals for the Third

Circuit; United States Court of Appeals for the Sixth Circuit; United States Court of Appeals for the Seventh Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the District of Colorado; United States District Court for the Northern District of Illinois (Trial Bar); United States District Court for the Central District of Illinois; United States District Court for the Southern District of Illinois; United States District Court for the Western District of Michigan; United States District Court for the Eastern District of Michigan; United States District Court for the Eastern District of Texas; United States District Court for the Western District of Wisconsin; is regularly engaged in the practice of law in each such jurisdiction; is in good standing pursuant to the rules of the highest appellate court of such jurisdiction; and is not currently, nor has ever been the subject of a disciplinary action or a current disciplinary action under investigation, including but not limited to suspension or disbarment.

William M. Sweetnam acknowledges that he will be held to the standard of conduct of the State of Kansas, the Kansas Rules of Professional Conduct, and will be subject to the orders of, and amenable to disciplinary action by, the courts and administrative tribunals of the State of Kansas. The out-of-state attorney has sworn to and signed the Out-of-State Attorney's Oath, which is attached hereto.

This application, the statements herein made, and all information provided are complete, true and correct under penalty of perjury. I acknowledge that I have a continuing obligation to advise the court if a change occurs with regard to any information herein provided. The associated Kansas attorney has reviewed and approved this application as evidenced by also signing the same.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com


and


By: /s/ William M. Sweetnam
William M. Sweetnam
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: 312-726-1092
Email: wsweetnam@keoghlaw.com
Attorneys for Plaintiffs

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT**

**ALYSSA JOHNSON and HAROLD
NYANJOM, individually and on behalf
of all others similarly situated,**

                            **Plaintiffs,**

**vs.**

**SONIC CORP., et al.,**

                         **Defendants.**

**Case Number: 2020-CV-001248 TO**

**Division: 25**

BEFORE _S. Sweetnam_

TITLE _Notary Public_

ADDRESS _127 E. Stone Ave Lake Forest IL 60045_

## <u>OUT-OF-STATE ATTORNEY'S OATH</u>

I, William M. Sweetnam, solemnly swear or affirm that I will support and bear true

allegiance to the Constitution of the United States and the Constitution of the State of

Kansas; that I will neither delay nor deny the rights of any person through malice, for lucre,

or from any unworthy desire; that I will not knowingly foster or promote, or give my assent

to any fraudulent, groundless or unjust suit; that I will neither do, nor consent to the doing

of any falsehood in court; and that I will discharge my duties as an attorney and counselor

in the District Court for the 18th Judicial District of the State of Kansas with fidelity both

to the court and to my cause, and to the best of my knowledge and ability. So help me God.

I, William M. Sweetnam, acknowledge that I will be held to the standard of conduct

of the State of Kansas, the Kansas Rules of Professional Conduct, and will be subject to

the order of, and amenable to disciplinary action by, the courts and administrative tribunals

of this State.

     I, William M. Sweetnam, do so swear (or affirm).


William M. Sweetnam
Illinois Bar #6226203
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: 312-726-1092
Facsimile:  312-726-1093
Email:  wsweetnam@keoghlaw.com



     Now on this ___13th___ day of ___August___, 2020, came William M.
Sweetnam, who is known to me. I did administer and the attorney did make the above-
stated oath and did also in my presence sign the same.


S. Sweetnam
Notary Public


OFFICIAL SEAL
S SWEETNAM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 5, 2021