IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALYSSA JOHNSON and HAROLD
NYANJOM, individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                             Case No. 20-1240-JWB

SONIC CORP., a Delaware limited liability
Company, *et al*.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' Motion to Remand (Doc. 17). The motion has been fully briefed and is ripe for decision. (Docs. 17, 20, 21.) For the reasons set forth herein, Plaintiffs' Motion to Remand is GRANTED.

**I.    Background and Procedural History**

On August 4, 2020, the named Plaintiffs in this action—Alyssa Johnson and Harold Nyanjom—filed suit in the Eighteenth Judicial District Court of Sedgwick County, Kansas, alleging that Defendants violated the Fair and Accurate Credit and Transaction Act ("FACTA") by printing 10 digits of a 16-digit credit card number on customer receipts. Plaintiffs allege this violation: (1) forced them to take unidentified "steps" to safeguard their receipts; (2) exposed them to a heightened risk of identity theft; and (3) caused them to experience a breach of confidence. (Doc. 9 at 8.) On September 8, 2020, Defendants removed the action to this court on the ground that this court had federal question jurisdiction over the dispute pursuant to 28 U.S.C. § 1331. (Doc. 1.)

1

On September 15, 2020, Defendants filed a motion to dismiss the complaint on the grounds that Plaintiffs failed to allege they suffered an actual injury-in-fact. (Doc. 14.) Defendants argue Plaintiffs' allegations of speculative future harms are the precise type of allegations that federal courts across the country have held are insufficient to confer Article III standing. (*Id*. at 6-11). As a result, Defendants assert this court should dismiss the case for lack of subject matter jurisdiction.

However, on October 2, 2020, Plaintiffs filed a motion to remand the action back to state court. (Doc. 17). In their motion, Plaintiffs argue this court lacks subject matter jurisdiction due to the Defendants failing to illustrate how Plaintiffs' injuries confer Article III standing. (*Id*.) Further, Plaintiffs argue the court should remand this case for lack of subject matter jurisdiction without making an affirmative finding that Plaintiffs lack Article III standing. (*Id*.) Ironically, in their response, Defendants admit a lack of Article III standing and argue this case should indeed be remanded. (Doc. 20.)

**II.   Analysis**

The current dispute between the parties is whether the court—before remanding the case back to state court—needs to make an affirmative finding that Plaintiffs lack Article III standing. "Remand is required 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *City of Neodesha, Kansas v. BP Corp. N. Am. Inc.*, 355 F. Supp. 2d 1182, 1184-85 (D. Kan. 2005) (quoting 28 U.S.C. § 1447(c)). A presumption against federal jurisdiction exists because federal courts are invested with limited jurisdiction. *Id*. (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). Because of this, "[r]emoval statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Id*. The removing party bears the burden of showing that removal was proper and that the federal court has original jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936). Article III standing, and its injury-in-fact requirement, is an essential element for subject matter jurisdiction that cannot be waived. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, neither party attempts to shoulder the burden of establishing jurisdiction. Rather, both parties agree this court lacks subject matter jurisdiction and should remand Plaintiffs' FACTA claim. Despite this shared belief, the court cannot simply discard the "independent obligation to examine" its own jurisdiction, as standing "is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citation omitted) (alterations in original). Accordingly, the court examines whether Plaintiffs have pled a sufficient "concrete and particularized" injury to establish Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting the injury must be "actual or imminent, not conjectural or hypothetical"). In order for Plaintiffs to demonstrate an injury-in-fact for purposes of Article III standing, they must allege more than a "bare procedural violation, divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.").

The court is not persuaded that Plaintiffs have adequately alleged a concrete injury-in-fact and, since neither party argues for more, the court will not engage in a protracted standing analysis. First, Plaintiffs' allege they were forced into taking additional steps to safeguard their receipt. This type of barebone allegation concerning hypothetical steps to safeguard receipts has been held as insufficient to satisfy the injury-in-fact requirement for Article III standing in a FACTA case. *See Bassett v. ABM Parking Servs., Inc*., 883 F.3d 776, 783 (9th Cir. 2018) ("Nor did [plaintiff] allege that any risk of harm is real, not conjectural or hypothetical, given that he could shred the offending

3

receipt along with any remaining risk of disclosure."). Likewise, Plaintiffs' allegations of being exposed to a heightened risk of identity theft is too speculative to confer standing. *See id.* (holding risk of identity theft too speculative to confer standing where plaintiff could have shredded non-compliant receipt); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016) (holding plaintiff who noticed violation immediately and preserved receipt lacked standing under FACTA). Plaintiffs' final alleged injury is that Defendants' conduct constituted a breach of confidence. However, Plaintiffs fail to allege an unauthorized disclosure of a receipt to a third party. *See Kamal v. J. Crew Group, Inc.*, 918 F.3d 102, 114 (3d Cir. 2019) (holding a FACTA non-compliant receipt that was not disclosed to a third party does not establish standing); *Bassett*, 883 F.3d at 780 (rejecting FACTA analogy to privacy based torts because defendant did not disclose the plaintiff's information to anyone but the plaintiff). Thus, Plaintiffs have failed to allege a concrete harm sufficient to establish Article III standing.

Because the Plaintiffs lack Article III standing, this case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1226 (10th Cir. 2012). The court expresses no opinion on whether standing requirements in the state court may require dismissal following remand.

In their motion to remand, Plaintiffs also seek an award of attorney fees and costs associated with the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Specifically, courts may award attorney's fees under § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the court finds that attorney's fees are unwarranted. Among other reasons, Plaintiffs bring this case based on a purely procedural

violation of FACTA.  In 2008 Congress amended FACTA by passing the Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, one of the purposes of which was to limit "abusive lawsuits" based on a merchant's failure to remove credit card expiration dates from receipts where no actual harm was alleged.  *Id.* § 2(b).  In a case strikingly similar to this one, the Eleventh Circuit dismissed for lack of standing, noting that the relevant purpose of FACTA was to prevent identity theft, and that a purely procedural violation of the statute "does not directly result in the harm Congress was trying to prevent."  *Muransky v Godiva Chocolatier, Inc.*, 979 F.3d 917, 930 (11th Cir. 2020).  Based on the allegations in their petition, these Plaintiffs have suffered no harm, and certainly not the type of harm that FACTA was intended to prevent.  Moreover, although Defendant ultimately concluded that remand was appropriate based on Plaintiffs' lack of standing, it was not entirely unreasonable to think that removal to a federal court was proper when the case was predicated on violation of a federal statute.  Under all these circumstances, Plaintiffs' request for attorney fees and costs is denied.

## III.   Conclusion

Plaintiffs' Motion to Remand (Doc. 17) is GRANTED.  The case is remanded to the Eighteenth Judicial District Court of Sedgwick County, Kansas.  Plaintiffs' request for attorney fees and costs is DENIED.  Defendants' Motion to Dismiss (Doc. 14) is DENIED as moot.

**IT IS SO ORDERED** this 23rd day of December, 2020.


　　　　　　　　　　　　　　　　　　　　s/ John W. Broomes　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE